PHILIP WALDORF v. SYLVESTER KIPP and Another.[1]

November 15, 1900.

Nos. 12,346—(81).

**Record on Appeal—Documentary Evidence.**
> On appeal to this court, in making up the record, it is proper practice to abstract documentary evidence, but such abstract must contain all of the essential contents of the original. *Held*, that the return in this case does not contain complete data of certain original documentary evidence.

Appeal by plaintiff from an order of the district court for Benton county, Baxter, J., denying a motion for a new trial. Affirmed.

*J. D. Sullivan*, for appellant.

*S. & O. Kipp*, for respondents.

LEWIS, J.

Action to determine title to real estate. The answer sets up a counterclaim, alleging title in defendants. The trial court found that defendants were the owners in fee, and entitled to judgment. Plaintiff appealed from an order denying his motion for a new trial.

The assignments of error are to the effect that the findings of the court are not sustained by the evidence.

The return shows that only written evidence was received by the trial court, and that such evidence consists of a statement as to the contents of Exhibit A, which statement does not disclose the description of the land, the name of the grantee, the date of the deed,

[1] Reported in 84 N. W. 122.

nor the date of record. The return also contains a statement of the contents of Exhibit B, as follows:

"Exhibit B is a certified copy of the judgment and execution issued thereon, and the return of the sheriff thereon, with the filings upon the same from the district court of Stearns county, in an action in which Philip Waldorf, plaintiff herein, was plaintiff, and John Trossen defendant."

It appears from the return that plaintiff offered in evidence Exhibit A, being a warranty deed in usual form to the land in controversy from Julius Kienow to John Trossen, but it does not appear that the deed was actually received in evidence. And it does not appear whether Exhibit B was received in evidence, and, if it were, it does not appear what bearing it has upon the title to the land in question. If plaintiff depended upon a sale of the premises in dispute, such fact does not appear from the return. In the absence of complete data as to the deeds and proceedings relied on by plaintiff, it is impossible to pass upon the question of their sufficiency. In other words, plaintiff has failed to show that the court below erred in finding for defendants.

It must not be understood that in this case or all cases complete return should be made to this court of deeds, instruments, and judicial proceedings. In most cases an abstract of the same would answer every purpose, and save much expense. But such abstract must contain all the essential elements of the originals.

Order affirmed.